**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Moises ANAYA, Defendant—Appellant.**

No. 04–50142.

D.C. No. CR–03–02339–BTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 12, 2005.

Decided Feb. 11, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Patrick K. O'Toole, AUSA, US Attorneys Office, Orlando Gutierrez, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jason I. Ser, AFPD, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before REINHARDT, CLIFTON, Circuit Judges, and WEINER, District Judge.*

## MEMORANDUM **

Defendant Moises Anaya appeals his conviction, challenging the district court's decisions denying his pre-trial motions to suppress the drugs found during a border search in a tire stored in the trunk of the car he was driving and the statements he made during the interrogation that followed his arrest. We conclude that the district court did not err in denying Anaya's pre-trial suppression motions and affirm the conviction.

Even if reasonable suspicion was required to justify the search, we conclude the district court correctly found that the border agent had the requisite reasonable suspicion of illegal activity to cut open the tire in Anaya's trunk. The tire was exceptionally heavy and sounded solid when tapped. *See United States v. Bravo,* 295 F.3d 1002, 1007–08 (9th Cir.2002) (holding there was reasonable suspicion under analogous circumstances). Because the border agent had a reasonable suspicion that contraband was hidden in the tire before cutting it open, we affirm the district court's denial of Anaya's motion to suppress the drugs found in his car.

We likewise affirm the district court's denial of Anaya's motion to suppress statements made during his interrogation at the border. Although it is somewhat unclear when the interrogating agent discussed with Anaya what he could expect when he appeared before a magistrate judge the following day, what the agent said did not render the substantively and procedurally adequate Miranda warnings Anaya re-

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ceived prior to being interrogated susceptible to equivocation. It is clear from the record that any discussion that may have transpired between Anaya and the agent about his right to have an attorney represent him in court was in addition to, not in lieu of or contradictory to, the proper warning he received prior to interrogation. *Cf. United States v. San Juan–Cruz,* 314 F.3d 384, 387–88 (9th Cir.2002) (holding that the Miranda warnings given were ambiguous where the defendant was provided with two directly contradictory statements). Prior to being interrogated Anaya was informed that he was entitled to a lawyer both before and during questioning and that if he could not afford one, one would be appointed for him before any questioning. Anaya indicated he understood his rights by initialing each right on a printed form as it was read aloud to him and by exercising his right to terminate the interrogation after twenty minutes. Because Anaya voluntarily, knowingly, and intelligently waived his rights, we affirm the district court's denial of Anaya's motion to suppress statements made during his brief interrogation.

In addition, Anaya challenges his sentence under *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We remand the sentence for reconsideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

CONVICTION AFFIRMED; REMANDED WITH INSTRUCTIONS.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.